CHARLES H. WRIGHT *vs.* HOWARD D. TROOP.

Cumberland.   Opinion November 7, 1879.

*Partnership.   Indenture—construction of.*

In March, 1876, the plaintiff and defendant having been negotiating business as a partnership for several years, agreed in writing to extend the partnership business another year, the plaintiff to receive $1500 salary, and "the profits of the business after that payment to be divided equally." Subsequently the plaintiff by written indenture assigned to the defendant all interest, claim and demand to the goods belonging to the firm, "all and singular the debts and sums of money owing to the plaintiff severally or jointly with the defendant," "also all and singular bills, bonds, specialties and writings whatsoever for and concerning the debts and the late copartnership;" and in consideration thereof the defendant covenanted to save the plaintiff harmless from all debts and liabilities of the firm; and thereupon the parties stipulated that the partnership be dissolved, and the agreement of March, 1876, be cancelled. *Held,* that the plaintiff could not maintain an action at common law to recover for his services under the agreement of March, 1876, that having been cancelled. ·

Also *held* that whatever remedy the plaintiff has is upon the covenants in the latter indenture.

ON REPORT, from the superior court in and for the county of Cumberland.

ASSUMPSIT on account annexed for $1125, for services from April 1, 1876, to January 1, 1877, at $1500 per year.

The facts sufficiently appear in the opinion.

*C. P. Mattocks,* for the plaintiff.

The law will allow a claim for services of a partner where there is a special agreement to that effect.   *King* v. *Hamilton,* 16 Ill. 190.   *Roach* v. *Perry,* Id. 37.

A promise to pay, upon the performance of an act, by which the party is injured, becomes binding, when the act is performed. *Hilton* v. *Southwick,* 17 Maine, 303.

Although an agreement be made without consideration, yet if it be executed, no objection can be made on that ground. *Robertson* v. *Gardiner,* 11 Pick. 146.

To render the recission of a contract valid, the rescinding party must place the other in *statu quo. Perley* v. *Balch,* 23 Pick. 284.   *Thayer* v. *Turner,* 8 Met. 550.

A party cannot rescind a contract and at the same time retain the consideration in whole, or in part, which he has received under it. *Tisdale* v. *Buckmore, supra.*

An express promise by one partner, out of his share of the income, to pay another partner for his personal services in the business of the concern, may be enforced in assumpsit, although the articles of copartnership are under seal and provide for such payment. *Paine* v. *Thatcher*, 25 Wend. 450.

A stipulated compensation may be recovered at law, though payable out of the profits of the partnership. *Robinson* v. *Green*, 5 Del. 115.

A partner is entitled to charge for his services in the partnership business, if an agreement can be implied from the course of dealing among the partners, or from the nature of the service performed. *Caldwell* v. *Leiber*, 7 N. Y. 483. *Lewis* v. *Moffet*, 11 Ill. 392. *Phillips* v. *Turner*, 2 N. C. Eq. 123.

A partner is entitled to compensation for his attention to the business of the firm, if there is a special contract to that effect. *Bradford* v. *Kimberly*, 3 Johns. Ch. Rep. 431. *Dougherty* v. *Van Nostrand*, 1 Hoffm. (N. Y.) 68. *Drew* v. *Ferson*, 22 Wis. 657.

If a special contract has been fully executed according to its terms, and nothing remains to be done but the payment of the price, plaintiff may sue, either on it, or in *indebitatus assumpsit*, relying upon the common counts, and in either case the contract will determine the rights of the parties. *Dermott* v. *Jones*, 2 Wall. 1. *Parish* v. *United States*, 1 Ct. of Cl. 357.

A recovery may be had for work and labor, when the defendant has accepted the work, although it does not amount to a complete performance of the special contract. *Bailey* v. *Woods*, 17 N. H. 365. *Dubois* v. *D. & C. Co.*, 4 Wend. 285.

*W. L. Putnam*, for the defendant.

LIBBEY, J. In 1870 the plaintiff and defendant, by articles of agreement, formed a copartnership to carry on the business of ship chandlers in the city of St. John, N. B., for the term of five years; the defendant putting into the business as capital four

thousand dollars and the plaintiff two thousand. The plaintiff was to carry on the business, with the advice and counsel of the defendant, and they were to share the profit and loss equally.

On the 21st day of March, 1876, an agreement was drawn to extend and continue the copartnership one year from the first day of April, 1876, on the same terms and conditions contained in the original articles of agreement, with certain exceptions and reservations, among which is the following : "That the said Charles H. Wright shall receive for each year by way of salary the sum of fifteen hundred dollars, and the profits of the business after that payment shall be divided between us, the said Howard D. Troop and Charles H. Wright, share and share alike." This agreement was signed by the plaintiff only. Under the clause above quoted the plaintiff brings and claims to maintain this action for $1125 for his services from April 1, 1876, to January 1, 1877.

Assuming that the evidence is sufficient, as claimed by the plaintiff, to show that the defendant is bound by this agreement of March 21, 1876, we are of opinion that the plaintiff cannot maintain this action at law for his services, without showing a settlement of all the partnership affairs. By the terms of the agreement, the compensation to the plaintiff for his services was a charge against the copartnership. It was to come out of the assets of the firm. In a legal point of view it was the same as if the plaintiff had put into the concern as capital $1500 to be repaid at the end of the year, out of the partnership assets. In such case the plaintiff could not maintain a suit at law for the $1500 against his copartner, because it would be a debt against the firm of which he is a member. His remedy is in equity for a settlement of the partnership affairs. *Holyoke* v. *Mayo*, 50 Maine, 385.

But, passing this point, there appears to be another objection to the maintenance of this action.

On the first day of January, 1877, the plaintiff and defendant entered into an indenture, by which the plaintiff "granted, assigned and set over unto the defendant all his right, title, interest, claim and demand of, in and to the said stock of goods, wares and mer-

chandise belonging to them, the said Charles H. Wright and Howard D. Troop, as copartners aforesaid" and also "all and singular such debts and sums of money as are owing to him, the said Charles H. Wright, severally or jointly, with said Howard D. Troop." "Also all and singular bills, bonds, specialties and writings whatsoever, for, and concerning the said debts and the late copartnership between us."

In consideration of which the defendant covenanted and agreed to save the plaintiff harmless from all debts and liabilities of the copartnership. And the parties therein stipulated and agreed that the partnership be dissolved, and that the original articles of agreement therefor, and the agreement of March 21, 1876, extending the same, "by their mutual consent and agreement have been cancelled."

On the same day the parties executed another indenture by which the defendant covenanted and agreed with the plaintiff to wind up the partnership affairs, and pay the partnership debts within six months, and account to him for one-half of the remaining assets, if any, as therein specified.

If the plaintiff had any right of action for his services under the agreement of March 21, 1876, it was extinguished by his said transfer and assignment to the defendant, and the cancellation of that agreement. *Wiggin* v. *Goodwin*, 63 Maine, 389. *Lesure* v. *Norris*, 11 Cush. 328.

After that his rights in the partnership assets were defined and secured to him by the second indenture of January 1, 1877, and whatever remedy he may have is upon the covenants in that agreement.

*Judgment for the defendant.*

Appleton, C. J., Walton, Virgin, Peters and Symonds, JJ., concurred.